IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 8:19-00181-DCC |
| ) | |
| v. ) | |
| ) | |
| TREVOR MAURICE HULL ) | |

GOVERNMENT'S MOTION FOR ORDER EXCLUDING ALIBI DEFENSE

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves this Honorable Court to exclude any alibi defense asserted on behalf of Defendant. In addition, the Government requests that the Court order Defendant and defense witnesses to refrain in the jury's presence from asking or answering any question, introducing any evidence, or making any statement or argument, either directly or indirectly, concerning any alibi defense during the trial of the case currently scheduled for March 16, 2020.

On May 14, 2019, a federal Grand Jury returned a Superseding Indictment charging Defendant with conspiracy to possess with intent to distribute heroin, possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A) and 846 (counts 1, 12), interstate travel and transportation in aid of drug trafficking, in violation of 18 U.S.C. §§1952(a)(3) and 2 (count 11), and use of a telephone to facilitate a felony drug offense, in violation of 21 U.S.C. §§ 843(b) and 2

(count 21).¹ DE 286. The substantive offenses charged are alleged to have occurred on January 28, 2019 from Greenwood County, South Carolina to Richland County, South Carolina. On July 19, 2019, more than five months ago, the Government filed a written request for notice of alibi defense. DE 374. Under the Rule, Defendant had until on or about August 2, 2019, to comply with the Rule. Defendant failed to do so -- indeed, failed to respond in any manner -- even though some 175 days have elapsed since the Government made its initial written request.

On November 27, 2019, the Government made a *second* written demand of alibi defense to defense counsel. DE 468. Under the Rule, Defendant had until on or about December 11, 2019 to comply with the rule's demands. Despite the passage of some 44 days since receiving the Government's second written demand, Defendant has failed to comply or respond at all.

<u>Federal Rule of Criminal Procedure 12.1</u>

Under Fed.R.Crim.P. 12.1, a defendant is required to notify the government if he intends to present an alibi defense within 14 days after the government requests such notice in writing. ² Such notice rules "guarantee that all parties will receive a fair trial." *United*

---

¹ Defendant was originally charged in an Indictment returned February 19, 2019. DE 2. No substantive changes were made to the charges filed against Defendant.

² Rule 12.1 provides, in relevant part:

**(a) Government's Request for Notice and Defendant's Response.**
　**(1) Government's Request.** An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.
　**(2) Defendant's Response**. Within 14 days after the request, or at some other time the

*States v. Seeright*, 978 F.2d 842, 848-49 (4th Cir. 1992). If the Government makes such a written request, within 14 days, the defendant must serve written notice on the Government stating the specific place the defendant claims he was at the time of the offense and the names and addresses of the witnesses on whom he intends to rely. *See* Fed.R.Crim.P. 12.1(a). When a defendant fails to comply with the Rule, evidence of his alibi may be excluded unless the defendant can show good cause why he has failed to comply. The court may sanction a party's noncompliance by "exclud[ing] the testimony

---

court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state:
>(A) each specific place where the defendant claims to have been at the time of the alleged offense; and
>(B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.

**(b) Disclosing Government Witnesses.**
>**(1) Disclosure**.
>(A) In General. If the defendant serves a Rule 12.1(a)(2) notice, an attorney for the government must disclose in writing to the defendant or the defendant's attorney:
>(i) the name of each witness--and the address and telephone number of each witness other than a victim--that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and
>(ii) each government rebuttal witness to the defendant's alibi defense.
>. . .
>**(2) Time to Disclose.** Unless the court directs otherwise, an attorney for the government must give its Rule 12.1(b)(1) disclosure within 14 days after the defendant serves notice of an intended alibi defense under Rule 12.1(a)(2), but no later than 14 days before trial.
>. . .

**(d) Exceptions.** For good cause, the court may grant an exception to any requirement of Rule 12.1(a)--(c).

**(e) Failure to Comply.** If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi. This rule does not limit the defendant's right to testify.

of any undisclosed witness regarding the defendant's alibi."[3] Fed. R. Crim. P. 12.1(d) and (e).

<u>The Court Should Exercise Its Authority under Rule 12.1(e) and Exclude Alibi Defense</u>

Defendant has not given any notice of intent to offer alibi evidence and has not offered any legal justification for ignoring the Government's written demands. Thus, Defendant has not complied with Rule 12.1 and this Court should order defense counsel and defense witnesses to refrain in the jury's presence from asking or answering any question, introducing any evidence, or making any statement or argument, either directly or indirectly, concerning any alibi defense.[4] See Rule 12.1(e); *United States v. Steadman*, 129 F.3d 118 (4th Cir. 1997).

WHEREFORE, for the foregoing reasons, the Government respectfully requests the Court grant this motion and exclude any alibi defense asserted on behalf of Defendant by any means other than his own testimony.

---

[3] Rule 12.1(e) makes clear that the rule "does not limit *the defendant's* right to testify." Fed. R. Crim. P. 12.1(e) (emphasis added). Consequently, the United States does not request that the Court exclude *Defendant's* testimony but only that of any other witness he would call.

[4] The Government recognizes that Rule 12.1 is silent regarding the exclusion of statements in voir dire, opening statements, closing argument by counsel or evidence other than witness testimony. However, the Government suggests that "in the unlikely event that defense counsel attempts to offer alibi evidence in a form other than witness testimony, the United States will object and request its exclusion as a sanction for willful violation of Rule 16(b)."

                    Respectfully submitted,

                    A. LANCE CRICK
                    ACTING UNITED STATES ATTORNEY

BY:    s/*Leesa Washington*
                    Leesa Washington (I.D. No. 06973)
                    Assistant United States Attorney
                    55 Beattie Place, Suite 700
                    Greenville, SC 29601
                    Tel. (864) 282-2100
                    Email:   Leesa.Washington@usdoj.gov

January 10, 2020