IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | No. 8:19-181-DCC |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Trevor Maurice Hull, | ) | |
| _____ | ) | |

Defendant is scheduled to be tried on several very serious drug offenses on March 16, 2020. In anticipation of the upcoming trial, the Government filed a "Motion for Reciprocal Discovery" on July 19, 2019. ECF No. 374. This Motion invoked Federal Rule of Criminal Procedure 12.1 and requested that Defendant produce: "Any notices of alibi, to include the specific place or places at which the Defendant claims to have been at the time of the alleged offense(s) and the names and address of the witnesses upon whom the Defendant intends to rely to establish such alibi." *Id.* at 2.

Having received no response from Defendant, the Government filed a more specific "Notice of Demand for Disclosure of Alibi Defense" on November 27, 2019. ECF No. 468. This Notice stated: "Pursuant to Fed. R. Crim. P. 12.1, you are hereby informed that on January 28, 2019 from Greenwood County, South Carolina to Richland County, South Carolina, there was committed the crimes conspiracy to possess with intent to distribute heroin, possession with intent to distribute and distribution of heroin, travel and transportation in aid of drug trafficking and use of a telephone to facilitate a felony drug offense, with which you are charged by Superseding Indictment. *Demand is hereby made upon you to furnish the Government with a written notice of your intention to offer a defense of alibi within 14 days of this demand.*" *Id.* at 1 (internal citation and footnote omitted) (emphasis added). Yet again, Defendant filed no response, and the

Government filed a "Motion for Order Excluding Alibi Defense" on January 10, 2020. ECF No. 500.

At the time the Motion to Exclude was filed, 175 days had elapsed since the filing of the Government's Motion for Reciprocal Discovery and 44 days had elapsed since the filing of the Government's Notice of Demand for Disclosure of Alibi Defense. On January 13, 2020, Defendant filed a "Notice of Alibi Witness," which stated "that he intends to call the following individual as an alibi witness for the date of January 28, 2019, during the trial of the case currently scheduled for March 16, 2020" – Carol Harley, Harley Funeral Home.[1] As set forth below, the Court cannot rule on the Government's Motion to Exclude without more information from the parties and a hearing is necessary to resolve the Motion.

Federal Rule of Criminal Procedure 12.1 provides a straightforward procedure for the disclosure of alibi witnesses. To start the process, the Government "may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the *time, date, and place of the alleged offense*." Fed. R. Crim. P. 12.1(a)(1). "Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state: **(A)** each specific place where the defendant claims to have been at the time of the alleged offense; and **(B)** the name, address, and telephone number of each alibi witness on whom the defendant intends to rely." Fed. R. Crim. P. 12.1(a)(2). If the defendant serves notice of an intended alibi defense, "an attorney for the government must disclose in writing to the defendant

---

[1] Defendant's Notice also included Ms. Harley's contact information.

2

or the defendant's attorney: **(i)** the name of each witness—and the address and telephone number of each witness other than a victim—that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and **(ii)** each government rebuttal witness to the defendant's alibi defense." Fed. R. Crim. P. 12.1(b)(1)(A). Unless the Court directs otherwise, the Government must make this disclosure "within 14 days after the defendant serves notice of an intended alibi defense under Rule 12.1(a)(2), but no later than 14 days before trial." Fed. R. Crim. P. 12.1(b)(2). Both parties have a continuing duty to supplement their disclosures. Fed. R. Crim. P. 12.1(c). If a party fails to comply with these rules, the Court "may exclude the testimony of any undisclosed witness regarding the defendant's alibi"; however, failure to comply with the rules "does not limit the defendant's right to testify." Fed. R. Crim. P. 12.1(e). Despite the mandatory nature of Rule 12.1, "[f]or good cause, the court may grant an exception to any requirement of Rule 12.1(a)–(c). Fed. R. Crim. P. 12.1(d).

As an initial matter, the Court finds that the Government's July 19, 2019 "Motion for Reciprocal Discovery" does not satisfy the requirements of Rule 12.1. Specifically, the Motion does not "state the time, date, and place of the alleged offense." *See* Fed. R. Crim. P. 12.1(a)(1). Instead, the Motion merely references "the time of the alleged offense(s)." ECF No. 374. The Court notes that Defendant is charged with a number of offenses, including a conspiracy charge that began in 2016 as well as a number of substantive offenses from January 28, 2019.

The Court turns next to the November 27, 2019 " Notice of Demand for Disclosure of Alibi Defense." ECF No. 468. This Notice is far more specific than the July 19, 2019 Motion and sets forth the date of the offenses (January 28, 2019) and the location of the offenses (Greenwood County, South Carolina to Richland County, South Carolina). *Id.* at 1. However, the Notice does

3

not contain the *time* of the alleged offenses. Although the case law on Rule 12.1 is sparse, the Notes of Decisions reference *United States v. Bickman*, 491 F. Supp. 277 (E.D. Pa. 1980) which is persuasive on this issue. In *Bickman*, the Defendant objected to the Government's demand for notice of an alibi defense because it set forth "time periods between ten and one-half and eleven and one-half hours." 491 F. Supp. at 278. The Court concluded that the Government's amended demand should have been more specific as to the time, particularly since the offenses in the case were "specific acts which two Government witnesses allegedly observed." *Id.* at 279. Accordingly, the Court concluded that Defendant need not answer the Government's demand; however, the Court granted the Government leave to file an amended demand for notice of an alibi defense which must set forth with greater specificity the time periods for which the demand is requested." *Id.* at 279–80.

In this case, the Court is unable to determine whether the Government's Notice is in compliance with Rule 12.1's time requirement. For example, if Defendant's substantive offenses arise out of a traffic stop or other specific event that occurred over a discrete period of time, the Court would likely conclude that the Notice is insufficient as it does not apprise Defendant of the time period for which he must disclose alibi witnesses.

Assuming, *arguendo*, that the Notice complies with Rule 12.1, it is beyond dispute that Defendant's Notice of Alibi Witness is untimely and does not substantively conform with Rule 12.1.[2] As to timeliness, Defendant did not file his Notice until 47 days after the Government's

---

[2] To be clear, Defendant has not raised the time requirement as an excuse for failing to comply with Rule 12.1. However, the Court has an obligation to ensure that the requirements of the rule are met prior to excluding any of Defendant's witnesses or precluding an alibi defense.

Rule 12.1 Notice and 3 days after the Government filed a Motion to Exclude. Additionally, Defendant does not identify "each specific place where the defendant claims to have been at the time of the alleged offense." *See* Fed. R. Crim. P. 12.1(a)(2). Despite these clear violations of Rule 12.1, the Court may excuse noncompliance "[f]or good cause."

Given the unanswered questions that will dictate how the Government's Motion to Exclude is resolved, the Court finds it necessary to hold a hearing on the Motion. At the hearing, the Government is directed to be prepared to address whether it has properly identified the time of the alleged offense in its November 27, 2019 Notice. Defendant is directed to be prepared to address the untimeliness of its Rule 12.1 disclosure and the failure to substantively comply with Rule 12.1. Specifically, Defendant should be prepared to address the issue of "good cause" in his argument to the Court.

The Court will notice the hearing by separate Order. The Court welcomes brief written submissions prior to the hearing from the parties on the concerns set forth above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 13, 2020
Spartanburg, South Carolina